J-S28009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| EDDIE JOE POTEET, SR. | : | |
| Appellant | : | No. 1353 MDA 2021 |

Appeal from the PCRA Order Entered September 22, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006263-2015

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED: OCTOBER 24, 2022**

Appellant, Eddie Joe Poteet, Sr., appeals from the order entered on September 22, 2021, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We vacate the order and remand.

This Court previously summarized the facts and procedural history of this case as follows:

> In January 2000, Appellant began sexually abusing [his daughter], who was then four years old. The abuse continued until she was approximately ten years old.  The [v]ictim did not report the abuse immediately because she feared Appellant would physically harm her and others.  On July 16, 2015, she reported the abuse to the police.
>
> In September 2017, following trial, a jury convicted Appellant of [involuntary deviate sexual intercourse, criminal attempt (rape),

indecent assault, corruption of minors, and incest.[1]] The trial court sentenced him to an aggregate term of twenty to forty years of incarceration. In addition, the court informed Appellant that he was required to register as a sexual offender.

Appellant timely filed a [p]ost-[s]entence motion, which the trial court denied. Appellant did not file a direct appeal.

In June 2018, Appellant timely filed a [PCRA p]etition[,] seeking the reinstatement of his appellate rights **nunc pro tunc**. The court granted relief.

**Commonwealth v. Poteet**, 249 A.3d 1126, at *1 (Pa. Super. 2021) (unpublished memorandum) (original footnote omitted). We ultimately affirmed Appellant's judgment of sentence in an unpublished memorandum decision on February 3, 2021.

Thereafter, as the PCRA court recounts:

On March 2, 2021, Appellant filed a [PCRA] petition [] and on April 26, 2021, Appellant filed an amended [PCRA] petition[.] On August 9, 2021, a hearing on Appellant's [PCRA] petition[s] was rescheduled for the third time [until] September 22, 2021. On September 16, 2021, Appellant filed a witness certification for Brian A. McNeil, Esquire with proof of service. On September 17, 2021, [Appellant] filed a witness certification for Ronald J. Gross, Esquire. On September 22, 2021, [Appellant] filed a witness certification for Jay Whittle, Esquire with proof of service. A [PCRA] hearing [] was held before [the PCRA] court on September 22, 2021.

At the hearing on September 22, 2021, the Commonwealth made a motion to dismiss based on (1) the insufficiency of the witness certifications, (2) that the claim [raised] had been previously litigated, and (3) that trial counsel had failed to file a written motion to pierce the Rape Shield [Law]. After hearing arguments from both parties, the PCRA court dismissed Appellant's [PCRA]

_____

[1] 18 Pa.C.S.A. §§ 3123(b), 901(a)/3121(c), 3126(a)(7), 6301(a)(1)(i), and 4302(a), respectively.

petition[s] based upon the Commonwealth's [arguments].[2] On October 4, 2021, Appellant filed a motion for reconsideration of [the] denial of [his] PCRA petition[s] and a memorandum of law in support of reconsideration, and [the PCRA] court denied Appellant's motion for reconsideration on October 15, 2021.

On October 20, 2021, Appellant filed a notice of appeal. [On November 4, 2021, the PCRA court granted Appellant's motion for an extension of time to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.] 1925(b)]. On December 9, 2021, Appellant filed [his Rule 1925(b)] statement[.] The [PCRA] court [] issue[d an opinion pursuant to Pa.R.A.P.] 1925(a) [on December 15, 2021].

PCRA Court Opinion, 12/15/2021, at 4-5 (superfluous capitalization omitted).

The PCRA court cited Appellant's failure to comply with 42 Pa.C.S.A. § 9545(d) and the inadequacy of his witness certifications as grounds for dismissing Appellant's amended petition. More specifically, regarding the witness certifications proffered in support of Appellant's PCRA claims, the PCRA court opined:

Here, Appellant filed three witness certifications less than one week before the scheduled PCRA hearing. Further, the witness certification for Appellant's trial counsel, Jay Whittle, Esquire was filed on the same day as the scheduled PCRA hearing. Appellant had substantial time to prepare witness certifications long before the week and day of the PCRA hearing because the PCRA hearing was scheduled for a date in September of 2021, [nearly] five months after Appellant filed his [a]mended [PCRA p]etition [] in April of 2021. Appellant's undue delay in filing witness certifications, especially filing a witness certification mere hours

---

[2] Upon review of the certified record, the PCRA court did not hear any testimony from Appellant or the three proffered attorney witnesses at the PCRA hearing. N.T., 9/22/2021, at 1-15. Instead, the PCRA court only heard argument from PCRA counsel and the Commonwealth regarding alleged deficiencies in the witness certifications. The PCRA court denied PCRA counsel's request to file proper witness certifications and dismissed the case. *Id.* at 14-15.

before the start of the PCRA hearing, was prejudicial to the Commonwealth by precluding the Commonwealth an opportunity to investigate the witness identified in the certification. Additionally, because each of Appellant's witness certifications neglected to provide the substance of each witness's testimony, [the PCRA c]ourt [found] that Appellant failed to comply with 42 Pa.C.S.[A. §] 9545(d).

\* \* \*

Due to Appellant's pending appeal to the Superior Court of Pennsylvania, [the PCRA c]ourt [concluded it] lack[ed] jurisdiction to [o]rder Appellant to file a subsequent PCRA [petition]. However, [the PCRA c]ourt [found] that PCRA counsel was ineffective for filing inadequate witness certifications that did not substantially comply with [the requirement in 42 Pa.C.S.A. § 9545(d) to include the substance of trial counsel's and Appellant's anticipated testimony]. Therefore, [the PCRA c]ourt request[ed] the Superior Court of Pennsylvania to reinstate Appellant's rights to [PCRA] relief to allow Appellant to pursue the initial claims raised in his PCRA [petition regarding] effective assistance of counsel.

*Id.* at 6-7.

The PCRA court offered additional grounds for the dismissal of Appellant's amended petition. Specifically, the PCRA court determined that Appellant previously litigated on direct appeal his claim that the trial court erred in barring admission of evidence that the victim made false accusations against another individual. In view of this ruling on direct appeal, the PCRA court reasoned that Appellant could not raise a related claim alleging trial counsel's ineffectiveness in failing to proffer evidence of the victim's prior false accusations. The PCRA court opined:

The PCRA court did not err in dismissing the [amended PCRA petition] because the Superior Court of Pennsylvania decided this preclusion of evidence issue, and affirmed the trial court's decision to preclude questioning the victim on prior accusations of sexual

- 4 -

assault against another individual. []Even if the Rape Shield Law did not bar the evidence, Appellant has failed to show how [the victim's] prior accusations of sexual assault were relevant in the instant case. Evidence is relevant when it has a tendency to make a fact more or less probable than it would be without the evidence. Whether or not [the victim] accused another person of sexually assaulting her does not make it more or less probable that Appellant assaulted her.

\*          \*          \*

Here, the Superior Court of Pennsylvania has previously made a decision on this allegation by stating, "We agree that the trial court properly excluded Appellant from cross-examining the [v]ictim about whether she had accused someone else of sexual assault." Therefore, [] the PCRA court did not err in dismissing the [a]mended [PCRA petition] because the issue of precluding Appellant from cross-examining the [v]ictim about whether she had accused someone else of sexual assault was decided by the Superior Court on direct appeal.

*Id.* at 8-9 (footnotes and citations omitted).

On appeal, Appellant presents the following issues for our review:

A. Whether the PCRA court erred in dismissing the amended [petition] for post-conviction collateral relief by finding that the witness certifications filed [regarding] trial counsel's and [Appellant's] testimony failed to substantially comply with [the] notice requirement under 42 Pa.C.S.[A. §] 9545(d)?

B. Whether prior PCRA counsel [ ] was ineffective for filing witness certifications that did not substantially comply with notice [requirements regarding] trial counsel's and [Appellant's] testimony under 42 Pa.C.S.[A. §] 9545(d)? (This claim is asserting prior PCRA counsel's ineffectiveness and is raised on appeal based on new counsel for [Appellant] being appointed pursuant to **Commonwealth v. Bradley**, [261 A.3d 381](Pa. 2021).)

C. Whether prior PCRA counsel [ ] was ineffective for failing to comply with and provide for the procedural requirements of the Rape Shield Law within the witness certifications under 42 Pa.C.S.[A. §] 9545(d) regarding evidence that the victim made

- 5 -

false accusations against another individual? (This claim is asserting prior PCRA counsel's ineffectiveness and is raised on appeal based on new counsel for [Appellant] being appointed pursuant to ***Commonwealth v. Bradley***, [261 A.3d 381](Pa. 2021).)

D. Whether the PCRA court erred in dismissing the amended motion for post-conviction collateral relief based upon a finding that the claim that trial counsel was ineffective for fail[ing] to specifically present a pro[f]fer to the trial court that the victim made false accusations against another individual was previously litigated on direct appeal?

Appellant's Brief at 4-5 (complete capitalization omitted).

Although presented as four separate appellate issues, the issues can be fairly divided into two distinct claims. First, Appellant asserts that prior PCRA counsel was ineffective for failing to file proper, timely witness certifications in support of his underlying PCRA claims. ***Id.*** at 18-33. Appellant contends that the "PCRA [c]ourt failed to identify the insufficiencies of the [w]itness [c]ertifications" prior to dismissing his PCRA petition and "denied PCRA [c]ounsel for Appellant the opportunity to cure any defect[.]" ***Id.*** at 16. Citing ***Bradley***, Appellant argues that prior PCRA counsel's ineffectiveness is apparent from the record and that this appeal is the first opportunity to present his layered ineffective assistance of counsel claim. ***Id.*** at 29-32. In support, Appellant cites the portion of the PCRA court's opinion wherein it concedes that Appellant's collateral rights should be reinstated. ***Id.*** at 32. Next, Appellant argues that the PCRA court erred by determining that his claim that trial counsel was ineffective for failing to proffer evidence that the victim made false accusations against another individual was previously litigated on

direct appeal. ***Id.*** at 33-35. Appellant avers that "the claim that was litigated and affirmed on direct appeal [went to] the admissibility of the evidence of the victim making claims of sexual abuse against another." ***Id.*** at 34. Appellant claims that his derivative and distinct claim is that trial counsel failed to proffer evidence suggesting the victim had fabricated the alleged prior incident, misled authorities, or that she recanted her other allegation under scrutiny. ***Id.*** at 35. Appellant claims that his claim of ineffective assistance of counsel is legally distinct from the underlying evidentiary claim presented on direct appeal. ***Id.*** at 34. For the reasons that follow, we agree that a remand is necessary to allow Appellant to develop these claims.[3]

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Bishop***, 266 A.3d 56, 62 (Pa. Super. 2021) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id.*** (citation omitted). "The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review." ***Id.*** (citation omitted).

---

[3] The Commonwealth concedes that Appellant is entitled to a remand on both issues. ***See*** Commonwealth's Brief at 16 ("Thus, a remand is necessary for a new PCRA [p]etition to be filed with proper certifications of both trial and [a]ppellate [c]ounsel, so that the layered ineffectiveness claim can be properly analyzed."); ***see also id.*** at 24 ("The PCRA court did err in dismissing the [a]mended [PCRA petition] because the issue was not previously litigated [because Appellant's] claim of ineffectiveness is separate from his claim on [direct] appeal that the evidence should have been admitted as presented.")

The Pennsylvania Supreme Court has recently determined that "a PCRA petitioner [may] raise claims of ineffective assistance of counsel at the first opportunity to do so, even on appeal." ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021). The ***Bradley*** Court noted:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petitioner would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.
>
> […A]n appellate court will not be tasked with developing the record or acting as a court of original jurisdiction. Rather, appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record.

***Bradley***, 261 A.3d at 402–403 (internal citations, quotations, and original brackets omitted).

Pursuant to 42 Pa.C.S.A. § 9545(d), when a PCRA petitioner requests an evidentiary hearing, they must "include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony[.]" 42 Pa.C.S.A. § 9545(d)(1)(i). The petitioner or counsel may sign the certification if they are "unable to obtain the signature of a witness[.]" 42 Pa.C.S.A. § 9545(d)(1)(ii). However, an *en banc* panel of this Court has stated "it is improper to affirm a PCRA court's decision [to deny

- 8 -

relief] on the sole basis of inadequate witness certifications where the PCRA court did not provide notice of the alleged defect." ***Commonwealth v. Pander***, 100 A.3d 626, 642 (Pa. Super. 2014) (*en banc*), *citing* Pa.R.Crim.P. 905(B) ("When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed. If the order directing amendment is not complied with, the petition may be dismissed without a hearing.").

Finally, our Supreme Court has explained

> claims of trial counsel ineffectiveness deriving from an underlying claim of error that was litigated on direct appeal cannot automatically be dismissed as "previously litigated." Rather, Sixth Amendment claims challenging counsel's conduct at trial are analytically distinct from the foregone claim of trial court error from which they often derive, and must be analyzed as such. To succeed on a claim of counsel ineffectiveness, of course, the defendant must rebut the presumption of competence and demonstrate [prejudice].

***Commonwealth v. Puksar***, 951 A.2d 267, 274 (Pa. 2008) (internal citations omitted).

Applying the foregoing principles, we vacate the order dismissing Appellant's amended petition and remand this case to allow Appellant to develop his claims. First, the PCRA court erred by dismissing Appellant's amended PCRA petition based solely upon defective witness certifications. ***See Pander***, ***supra***. Moreover, this appeal is the first opportunity Appellant has had to raise the issue of prior PCRA counsel's ineffectiveness with the

assistance of new counsel. *See Bradley*, *supra*. As such, we vacate the PCRA court's dismissal order and remand to allow Appellant to file an amended PCRA petition with proper witness certifications and afford him the opportunity to develop his claims with more attentive counsel.

Moreover, regarding Appellant's claim that trial counsel was ineffective for failing to proffer evidence that the victim made false accusations against another individual, we conclude that the PCRA court erred by finding the issue was previously litigated on direct appeal. On direct appeal, "[w]e agree[d] that the trial court properly precluded Appellant from cross-examining the [v]ictim about whether she had accused someone else of sexual assault [because] Appellant did not proffer evidence suggesting that the [v]ictim had fabricated this prior incident, that she went to the authorities and misled them, or that she recanted her allegation under scrutiny." *Commonwealth v. Poteet*, 249 A.3d 1126, at *6 (Pa. Super. 2021) (unpublished memorandum). Currently, Appellant is challenging trial counsel's stewardship for failing to proffer evidence which would have permitted cross-examination of the victim. As such, while derivative of the underlying claim addressed on direct appeal, Appellant's ineffective assistance of counsel is distinct and, therefore, it was improper for the PCRA court to find that Appellant's claim was previously litigated. Hence, we vacate the order dismissing Appellant's PCRA petition and remand this matter for further proceedings.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2022